```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

RITA C. HILL,                         )
                                      )
            Plaintiff,                )
                                      )
v.                                    )   Case No. CIV-14-368-FHS-KEW
                                      )
CAROLYN W. COLVIN, Acting             )
Commissioner of Social                )
Security Administration,              )
                                      )
            Defendant.                )

**REPORT AND RECOMMENDATION**

Plaintiff Rita C. Hill (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 16, 1962 and was 50 years old at the time of the ALJ's decision. Claimant completed her high school education and two years of college. Claimant has worked in the past as a home health care worker and tax return preparer.

Claimant alleges an inability to work beginning June 9, 2010 due to limitations resulting from back pain, anxiety, major depression, and concentration problems.

**Procedural History**

On July 8, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 10, 2013, Administrative Law Judge Richard Kallsnick ("ALJ") conducted an administrative hearing in Tulsa, Oklahoma. On January 25, 2013, the ALJ issued an unfavorable decision. The Appeals Council denied review on July 1, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work. The ALJ also determined Claimant could perform medium work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical and non-medical source evidence; (2)

4

failing to perform a proper step four and step five determination; and (3) failing to perform a proper credibility determination.

### Evaluation of Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of a spinal impairment, obesity, an affective disorder, and an anxiety-related disorder. (Tr. 41). He concluded that Claimant retained the RFC to perform her past relevant work as a custodian, kitchen aid and beverage company label machine operator. (Tr. 46). The ALJ also found Claimant could perform medium work in that she can lift/carry up to 50 pounds occasionally and up to 25 pounds frequently. She was able to sit, stand, or walk up to six hours in an eight hour workday. Regarding her mental RFC, the ALJ found Claimant could perform simple and some complex tasks under routine supervision. She could perform tasks where there is occasional contact with the general public but not constant or frequent. (Tr. 44).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of maid, hand packager (both medium and light), laundry presser, assembler, and clerical mailer, all of which existed in sufficient numbers in the regional and national economies. (Tr. 48). Based upon these findings, the ALJ concluded Claimant was not disabled from June 9,

2010 through the date of the decision.  Id.

Claimant contends the ALJ failed to properly evaluate the opinion of Dr. Vanessa Werlla, Claimant's treating psychiatrist while she was at Creoks Mental Health Clinic.  Dr. Werlla authored a mental status form from an examination on April 15, 2009.  Claimant presented with a flat affect, quiet demeanor with a sad and somewhat hopeless outlook.  She was anxious and preferred to withdraw, becoming overly anxious in crowds and public places.  Crowds, public settings, unfamiliar people, schedule constraints, and performance expectations cause Claimant additional anxiety and exacerbates depressive symptoms.

Claimant had not been able to overcome stress and anxiety sufficiently to attempt a return to the work force.  She attended psychotherapy sessions and medication appointments.

Claimant's anxiety increases with stress which would be part of work pressures and supervision.  She may become distracted by co-workers or distract them due to agitation related to anxiety.  Dr. Werlla diagnosed Claimant with Major Depression, moderate and Generalized Anxiety.  (Tr. 229).

The ALJ did not consider Dr. Werlla's report in his decision.  The ALJ is required to consider every medical opinion in reaching his assessment and must provide specific, legitimate reasons for

rejecting an opinion. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). In this instance, the omitted report was generated by a treating physician.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is

supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion.  20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted).  Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id.  "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  Watkins, 350 F.3d at 1301 (quotations omitted).

Dr. Werlla identified several limitations in her report – anxiety around the public, supervisors, and co-workers; anxiety with stress and performance expectations; and may become distracted by co-workers or distract them. (Tr. 229). The ALJ must first consider Dr. Werlla's opinion, designate the weight given to the opinion and reasoning for doing so, then incorporate any further restrictions in the RFC assessment.

Defendant contends the report was authored 14 months before Claimant's onset date and, therefore, is chronologically irrelevant. Dr. Werlla's observations must be considered by the ALJ in any event. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). On remand, the ALJ must provide his analysis with regard to Dr. Werlla's opinion. He should also ascertain whether Dr. Werlla's opinion would relate into the relevant period.

Claimant also contends the ALJ improperly gave the opinions of the state agency reviewing consultants "great weight" when they did not include all of the restrictions found by Dr. Werlla. It is premature for this Court to consider this argument as the ALJ has not yet evaluated Dr. Werlla's treating physician opinion and the relationship or any conflict between her opinion and those of the state agency consultants. In any event, the ALJ shall insure that the explanation and foundation for the weight he affords all opinions is specifically and legitimately set forth in his decision.

Claimant contends the ALJ discounted the reliability of a third party function report from Claimant's mother based upon a finding that her comments were largely based upon subjective statements by Claimant. Claimant's mother's statement is considered an "other source" and consideration of the statement

9

must be given in light of the nature and extent of the relationship; whether the evidence is consistent with the other evidence; and any other factors that tend to support or refute the evidence. Hopper v. Astrue, 2011 WL 1311712, *5 (E.D. Okla.). The ALJ shall also provide an explanation for why he considers the mother's statement to be a product of her daughter's subjective statements alone.

### Step Four and Five Determinations

Claimant contends the ALJ's hypothetical question posed to the vocational expert did not precisely mirror the limitations which should have been included in her RFC. The ALJ stated in his evaluation of Claimant's mental impairments that she had moderate difficulties with concentration, persistence, or pace but did not include this limitation in the hypothetical to the vocational expert. (Tr. 43). While it is true that paragraph B findings are not RFC findings, the ALJ should determine whether restrictions in Claimant's RFC should be included in light of Dr. Werlla's statement. On remand, the ALJ shall re-evaluate both his RFC assessment and the corresponding questions to the vocational expert.

### Credibility Determination

Claimant contends the ALJ did not properly consider the

credibility of her testimony on her limitations. The ALJ employed the ill-conceived but often used language of credibility rejection which essentially states the ALJ arrived at an RFC and then considered if Claimant's testimony matched the RFC already determined. (Tr. 45). This Court has roundly rejected the use of this language.

The ALJ discounted Claimant's credibility because she allegedly was not taking her psychotropic medications as directed while other physicians' reports indicated she was compliant. (Tr. 41-42). The ALJ found cause to doubt Claimant's credibility based upon this perceived inconsistency. Yet, no physician reported that Claimant was non-compliant. The ALJ also found the medical record did not support her claims of back, hip, and foot pain. (Tr. 46). However, Dr. William Grubb stated Claimant suffered from a history of disc disease of the lumbosacral spine, low back pain (possibly related to the disc disease), and arthralgia of the feet and hips, probably secondary to osteoarthritis. (Tr. 247).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such,

will not be disturbed when supported by substantial evidence.  Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The affirmatively link between the ALJ's findings and the record are tenuous at best and misapprehended at worst.  On remand, the ALJ shall re-evaluate his credibility findings.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE